UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

September 14, 2026

LETTER TO COUNSEL

RE: *Clarence S. v. Frank Bisignano, Commissioner of Social Security*
Civil No. AAQ-25-02128

Dear Counsel:

On July 2, 2025, Plaintiff petitioned this Court to review the Social Security Administration ("SSA")'s final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. ECF No. 1. I have considered the parties' briefs, ECF Nos. 11, 13, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons discussed below, I will remand this case for further consideration in accordance with my analysis and conclusions.

## I. The History of this Case

### A. Procedural History

Plaintiff filed his claim for Title II disability insurance benefits and Title XVI supplemental security income on July 1, 2021, alleging a disability onset date of September 30, 2020. ECF No. 8, at 21. The SSA denied Plaintiff's claim initially and upon reconsideration. *Id.* Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on March 19, 2024. *Id.* On September 26, 2024, the ALJ issued his decision, finding that Plaintiff did not have a disability as defined by the Social Security Act during the relevant time period. *Id.* at 28. On June 18, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* at 5. Thus, the ALJ's decision reflects the final, reviewable decision of the SSA. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. 422.210(a).

### B. The ALJ's Decision

The ALJ determined that Plaintiff suffered from the severe impairments of "lumbar spine degenerative disc disease status post-surgery for decompression of spinal cord (20 CFR 404.1520(c))." ECF No. 8, at 23. Because the ALJ found that none of Plaintiff's impairments, alone or in combination, met one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, *id.*, he assessed Plaintiff's residual functional capacity ("RFC") and concluded that

Plaintiff retained the ability to perform light work, as defined in 20 C.F.R. 404.1567(b), subject to the following limitations: "The claimant could stand and/or walk for four hours in an eight-hour workday. He could occasionally crawl, crouch, kneel, stoop, balance, and climb ramps and/or stairs. Finally, he could never climb ladders, ropes, or scaffolds." *Id.* at 24.

In making this determination, the ALJ followed the two-step process set forth in 20 C.F.R. 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). ECF No. 8, at 24. The ALJ first found that Plaintiff had shown evidence of "medically determinable impairments [that] could reasonably be expected to cause [his] alleged symptoms." *Id.* at 26. At the second step, however, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* Citing Plaintiff's medical records – which included physical examination findings and test results; prior administrative findings; and notes from medical visits and appointments; *see id.* at 26–27 – the ALJ determined that the "claimant's statements . . . are inconsistent *because they fail to match the objective medical evidence*[,]" *id.* at 26 (emphasis added). He then, in his analysis, faulted Plaintiff for the lack of objective medical evidence supporting his statements concerning the intensity, persistence and limiting effects of his symptoms. For example, when discussing Plaintiff's stated need for a cane, the ALJ stated "there was no medical documentation that a cane was necessary for ambulation or balance." *Id.* at 26. The ALJ ultimately concluded that "despite the severe complaints of dysfunction made by the claimant, the record reflects minimal treatment, and does not reflect treatment, such as physical therapy or other therapeutic treatments that would be expected, given the severity of the claimant's allegations." *Id.* at 27.

Based on his RFC assessment, the ALJ concluded that Plaintiff was able to perform past relevant work as a lead grants technical assistant. *Id.* at 27-28. Therefore, the ALJ concluded that Plaintiff was not disabled and denied his claim for disability benefits. *Id.* at 28.

### C. Plaintiff's Arguments on Appeal

On appeal, Plaintiff raises two main arguments: 1) the ALJ erroneously evaluated Plaintiff's subjective complaints of pain, *id.* at 3; and 2) the ALJ erroneously assessed the Plaintiff's Residual Functional Capacity, *id.* at 13. The first argument is persuasive, as the text of the ALJ's decision makes clear that the ALJ was not merely considering the objective evidence as one piece of evidence when assessing Plaintiff's allegations of pain. Rather, the ALJ discounted Plaintiff's allegations entirely because of the lack of objective evidence supporting them.

In assessing a claimant's subjective complaints of pain or other symptoms, ALJs must follow the two-step process prescribed by 20 C.F.R. 404.1529 and described in SSR 16-3p, 2016 WL 1119029. *See, e.g.*, *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020); *Craig*, 76 F.3d at 594-95. Under this process, the ALJ must first determine whether there is objective medical evidence of a "'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." *Arakas*, 983 F.3d at 95 (quoting 20 C.F.R. 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3). If there is evidence of such a medically determinable impairment, the ALJ must then "assess the intensity and persistence of the alleged

symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* (citing 20 C.F.R. 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4). Objective evidence of the claimant's alleged symptoms or their intensity is not required at the second step; instead, the claimant may rely entirely on subjective evidence. *See id.*; *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) ("The Fourth Circuit has long held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989))). While the ALJ is not required to accept the claimant's subjective evidence to the extent it is inconsistent with other evidence in the record, the ALJ must consider all of the available evidence and cannot discredit the plaintiff's subjective evidence simply because it is not supported by objective medical evidence. *See Craig*, 76 F.3d at 595 (citing 20 C.F.R. 404.1529(c)(2)-(3), 416.929(c)(2)-(3)).

The ALJ erred in his assessment at the second step of this process, where he concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent" with the "objective evidence, his course of treatment, and his activities of daily living." ECF No. 8, at 26. As noted above, the ALJ, in this case, did not merely consider all of the evidence in the record – including Plaintiff's testimony and the objective medical evidence – and conclude that the effects of Plaintiff's symptoms were not severe enough to preclude him from working. Rather, he specifically discounted Plaintiff's subjective complaints because there was no objective medical evidence supporting them. He was explicit in doing so. *See id.* at 26 ("As for the claimant's statements about the intensity, persistence and limiting effects of his symptoms, they are inconsistent because they fail to match the medical evidence."). For example, when discussing Plaintiff's request for a cane to help him walk, the ALJ reasoned that "there was no medical documentation that a cane was necessary for ambulation or balance." *id.* at 26. In closing, the ALJ returned to Plaintiff's testimony, but again discounted it based only on the lack of support in the medical record: "[d]espite the severe complaints of dysfunction made by the claimant, the record reflects minimal treatment, and does not reflect treatment, such as physical therapy or other therapeutic treatments that would be expected, given the severity of the claimant's allegations." *Id.* at 27. Accordingly, on the only two occasions that the ALJ discussed Plaintiff's subjective complaints, the ALJ discounted them because of the lack of objective medical evidence in support. At no point did the ALJ acknowledge that a claimant could succeed on his claim on account of his testimony alone.

In this regard, the case differs from the caselaw that the Commissioner cites. *See* ECF No. 13, at 13. The SSA decisions in those cases did not discount the claimant's testimony entirely based on medical evidence, but only after a careful balancing of all of the evidence in the record. For example, in *Orion G. v. Kijakazi*, this Court emphasized that the ALJ there stated that "the [SSA's] factors must be carefully considered, but the claimant's allegations of pain and functional loss does not have to be accepted at face value in every case." 2022 WL 3986783, at *4 (D. Md. Sep. 1, 2022) (internal quotation marks and citations omitted). *See also id.* (emphasizing the ALJ's framing: "the question is not whether such symptoms exist, but whether those symptoms occur with such frequency, duration, and severity as to preclude all work activity on a continuous and regular basis." (internal quotation marks and citations omitted)); *William J. v. Kijakazi*, No. 22-

2962-BAH, 2023 WL 6518118, at *5 (D. Md. Oct. 5, 2023) (affirming ALJ's denial of assistance where "[p]laintiff fails to point to any specific instances where he alleges the ALJ crossed over into effectively requiring . . . objective medical evidence." (internal quotation marks and citations omitted)).

This case is more akin to the Fourth Circuit's decision in *Oakes v. Kijakazi*, 70 F.4th 207 (4th Cir. 2003). In *Oakes*, the claimant "sought disability benefits from the Social Security Administration[,] . . . primarily bas[ing] his application on pain in his lower back, hips, legs, knees, and feet." *Id.* at 210. *See also* ECF No. 8, at 24 (testifying that he could not stand, sit or walk without chronic pain). Similar to Plaintiff here, the plaintiff in *Oakes* testified that "pain regularly shoots from his lower back down his legs, preventing him from either standing or sitting for too long." *Id.* In reviewing the ALJ's decision, the court began by emphasizing that "[d]espite a history of pushback on subjective-statement reliance by the SSA, this Court allows a claimant to rely exclusively on subjective evidence in proving the second part of the test." *Id.* at 215. The ALJ in *Oakes* failed to comply with this requirement, because they "never addressed the fact that disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain." *Id.* at 215-16. Furthermore, like the ALJ in this case, the ALJ in *Oakes* never addressed that the claimant can "qualify for benefits if he is in sufficient pain." *Id.* at 216. This Court, in reliance on *Oakes*, has remanded the SSA's decisions where they discounted a claimant's testimony because of the lack of objective medical evidence supporting them. *See Matthew E. v. Bisignano,* No. 24-2166-DRM, 2025 WL 1919995, at *4 (D. Md. Jul. 10, 2025) ("the ALJ erred in discounting Plaintiff's subjective complaints as inconsistent with the record's medical evidence. The ALJ cannot dismiss Plaintiff's subjective complaints based entirely upon the belief that they were not corroborated by the record's medical evidence."); *Kevin T. v. O'Malley*, No. 23-0312-CDA, 2023 WL 8993664, at *4 (D. Md. Dec. 28, 2023) ("There being no mention of the intensity or persistence of Plaintiff's complaints in the ALJ's analysis of Plaintiff's RFC, this lack of explanation requires remand." (internal quotation marks omitted)).

Because the Court remands this case on other grounds, the Court need not address Plaintiff's arguments regarding the ALJ's RFC assessment. Regardless, the ALJ should address these remaining issues on remand. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

**D. Conclusion**

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.

So ordered.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge